IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**NAZIR JEROME ALI MCKNIGHT,**

    **Plaintiff,**

    v.                                                                             CASE NO. 23-3071-JWL

**DOUGLAS COUNTY CORRECTIONAL
FACILITY, et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff is in custody at the Douglas County Correctional Facility in Lawrence, Kansas ("DCCF"). The Court granted Plaintiff leave to proceed in forma pauperis. (Doc. 4.) On March 15, 2023, the Court entered a Memorandum and Order to Show Cause (Doc. 5) ("MOSC"), granting Plaintiff until April 10, 2023, in which to show good cause why this action should not be dismissed or to file an amended complaint to cure the deficiencies set forth in the MOSC. Plaintiff has failed to respond by the Court's deadline.

The Court found in the MOSC that the DCCF is not a proper defendant because "[t]o state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a *person* acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (emphasis added). Prison and jail facilities are not proper defendants because none is a "person" subject to suit for money damages under § 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66, 71 (1989); *Clark v. Anderson*, No. 09-3141-SAC, 2009 WL 2355501, at *1 (D. Kan. July 29, 2009);

*see also Aston v. Cunningham*, No. 99–4156, 2000 WL 796086 at *4 n.3 (10th Cir. Jun. 21, 2000) ("a detention facility is not a person or legally created entity capable of being sued").

The Court also found that Plaintiff fails to mention Defendant Bunting in the body of his Complaint, and an essential element of a civil rights claim against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985). As a result, a plaintiff is required to name each defendant not only in the caption of the complaint, but again in the body of the complaint and to include in the body a description of the acts taken by each defendant that violated plaintiff's federal constitutional rights.

Plaintiff alleges in his Complaint that he broke his hand when he got into a fight in May 2019, and was not taken to the hospital for a few days because they did not have enough staff to take him. The Court found in the MOSC that because Plaintiff's claim regarding his broken hand accrued around May 19, 2019, and this action was filed on March 13, 2023, it is untimely unless the statute of limitations was tolled. The Kansas Supreme Court tolled the state statutes of limitations in response to the COVID-19 pandemic. *See Korgan v. Estate of Hansen by and through Cramer*, 2022 WL 4465074, at *2–4 (D. Kan. Sept. 26, 2022) (finding that the statute of limitations was tolled from March 19, 2020 through April 14, 2021). However, even tolling the statutes of limitation during these dates, Plaintiff's claim is still untimely.

The Court found in the MOSC that Plaintiff failed to state a claim regarding his medical care. Plaintiff claims he was denied medication for his ADD/ADHD, and that he needs neck and back surgeries due to broken hardware in his neck and lower back. Plaintiff alleges that he believes he has ADD/ADHD, but his request for medication was denied. He also believes he may have early stages of dementia or Alzheimer's disease, although he acknowledges that he has not

informed medical staff of his belief. The Court found in the MOSC that Plaintiff has not alleged that he has received a diagnosis for these medical needs. Plaintiff has not satisfied the objective prong for proving a constitutional violation.

The Court found that although Plaintiff's neck and back injury may involve a serious medical need, he has not indicated that a doctor has recommended follow up surgeries or that he has sought medical care from any medical provider at the DCCF regarding these injuries. Plaintiff also fails to satisfy the subjective prong. The Supreme Court has insisted upon actual knowledge: "the official must *both* be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, *and he must also draw the inference.*" *Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (emphasis added). Plaintiff has failed to show that the official was both aware of facts from which the inference could be drawn that a substantial risk of serious harm existed, and that they also drew the inference.

The MOSC provides that "[i]f Plaintiff does not file an amended complaint within the prescribed time that cures all the deficiencies discussed herein, this matter may be dismissed without further notice for failure to state a claim." (Doc. 5, at 10.) Plaintiff has failed to respond to the MOSC and has failed to show good cause why this matter should not be dismissed for failure to state a claim.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

**Dated April 17, 2023, in Kansas City, Kansas.**

<u>**S/ John W. Lungstrum**</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**